James S. Frank, Esq. (JF 5389)
Clare M. Sproule, Esq. (CS 1589)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
Attorneys for Defendant
THE NEW YORK AND
PRESBYTERIAN HOSPITAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
DANNELLE JOHNSON                              :
331 Patchen Avenue                            :
Apt. 7a                                       :      07-CV-3112
Brooklyn, NY 11233,                           :
                                              :      (Scheindlin, J)
                    Plaintiff,                :
                                              :
        - against -                           :
                                              :
                                              :      ANSWER TO FIRST
THE NEW YORK PRESBYTERIAN HOSPITAL            :      AMENDED COMPLAINT
525 East 68th Street                          :
New York, NY 10021,                           :
                                              :
                                              :
                    Defendant.                :
------------------------------------------------- x

       Defendant, The New York and Presbyterian Hospital, erroneously sued herein as The New York Presbyterian Hospital (hereinafter the "Hospital"), by and through its attorneys, Epstein Becker & Green, P.C., answers plaintiff Dannelle Johnson's (hereinafter "Plaintiff") First Amended Complaint (hereinafter "Complaint") as follows:

       1.     Denies the allegations set forth in paragraph 1 of the Complaint, except denies knowledge or information sufficient to form a belief as to plaintiff's purpose or intentions in bringing this action.

       2.     Denies the allegations set forth in paragraph 2 of the Complaint.

3. Admits the factual allegations contained in paragraph 3 of the complaint but Denies that the remainder of the allegations constitute a proper pleading that requires a response.

4. Denies the factual allegations contained in paragraph 4 of the complaint and Denies that the remainder of the allegations constitute a proper pleading that requires a response.

5. Denies the allegations set forth in paragraphs 5 (a) - (c) of the Complaint, except Admits that the EEOC issued a "No probable cause" determination on January 18, 2007 and Denies knowledge or information as to when Plaintiff received such notice.

6. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Admits the allegations set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

11. Denies the allegations set forth in paragraph 11 of the Complaint.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Denies the allegations set forth in paragraph 13 of the Complaint.

14. Denies the allegations set forth in paragraph 14 of the Complaint.

15. Denies the allegations set forth in paragraph 15 of the Complaint.

16. Denies the allegations set forth in paragraph 16 of the Complaint.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

## Count I

19. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

## Count II

23. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

## Count III

25. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

## Count IV

28. Repeats and realleges its answers to each of the foregoing paragraphs as if more fully set forth herein.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies that Plaintiff is entitled to any of the relief she seeks in paragraphs A – H of the "WHEREFORE" clause of her Complaint.

## THE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

32. Plaintiff has failed to mitigate her damages in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

33. Plaintiff has not suffered any legally cognizable injury or damage.

### FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims under Title VII occurring more than 180 days prior to the filing of Plaintiff's EEOC Charge are time barred.

### FIFTH AFFIRMATIVE DEFENSE

35. Plaintiff's employment with the Hospital was at-will.

### SIXTH AFFIRMATIVE DEFENSE

36. Plaintiff's New York City Human Rights Law claims must be dismissed for her failure to comply with the filing prerequisites of Section 8-502 of the New York City Administrative Code.

### SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff has failed to state a claim for the recovery of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of her employment.

### NINTH AFFIRMATIVE DEFENSE

39. The Hospital had valid and legitimate reasons for plaintiff's termination.

## TENTH AFFIRMATIVE DEFENSE

40. At all times relevant to this action, the Hospital acted lawfully and in good faith and without intent to discriminate or retaliate against Plaintiff.

**WHEREFORE**, defendant The New York and Presbyterian Hospital respectfully requests that the Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint in its entirety, together with attorneys' fees and costs of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 30, 2007

EPSTEIN BECKER & GREEN, P.C.

By: _____
James S. Frank (JF 5389)
Clare M. Sproule (CS 1589)
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
Attorneys for Defendant
The New York and Presbyterian Hospital

To:    Adam C. Virant, Esq.
        KARPF, KARPF &VIRANT
        140 Broadway, 46th Floor
        New York, NY 10005
        Attorneys for Plaintiff
        Dannelle Johnson